No. 2--03--1334

______________________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

______________________________________________________________________________

LP XXVI, LLC, ) Appeal from the Circuit Court

) of Lake County.

Plaintiff-Appellant, )

) No. 03--L--607

v. )

)

MICHAEL GOLDSTEIN, ) Honorable

) John R. Goshgarian,

Defendant-Appellee. ) Judge, Presiding.

______________________________________________________________________________

PRESIDING JUSTICE O'MALLEY delivered the opinion of the court:

Plaintiff, LP XXVI, LLC, appeals the order of the circuit court of Lake County granting defendant Michael Goldstein's motion to dismiss pursuant to section 2--619 of the Code of Civil Procedure (Code) (735 ILCS 5/2--619 (West 2002)).  Plaintiff contends that the trial court erred in finding that plaintiff's complaint seeking to recover about $74,000 in a deficiency judgment against defendant was barred by 
res judicata
.  We reverse and remand for further proceedings.

On June 11, 1999, defendant and certain nonparties to this cause executed a promissory note to plaintiff's predecessor in interest in the principal amount of $1,050,000, which was secured by a mortgage on certain real property.  In addition, defendant executed a personal "Commercial Guaranty," which provided:

"[Defendant] also waives any and all rights or defenses arising out of (a) any 'one action' or 'anti-deficiency' law or any other law which may prevent [plaintiff] from bringing any action, including a claim for deficiency, against [defendant], before or after [plaintiff's] commencement or completion of any foreclosure action ***; or (f) any defenses given to guarantors at law or in equity other than actual payment and performance of the indebtedness."  

After the execution of the note, mortgage, and guaranty, the primary obligors on the note defaulted and, on November 13, 2001, plaintiff's predecessor in interest filed suit (in Cook County) to foreclose upon the mortgage.  The property was eventually liquidated at a sheriff's sale, after which the circuit court of Cook County approved the sale, leaving a deficiency of just over $74,000.  Plaintiff's predecessor in interest thereafter obtained an 
in rem
 deficiency judgment in the amount of the deficiency.  On February 11, 2003, plaintiff was assigned all interests in the note, the guaranty, and the deficiency judgment.

On July 9, 2003, plaintiff filed the instant action against defendant based on the "Commercial Guaranty" of the note.  Pursuant to section 2--619 of the Code, defendant moved to dismiss plaintiff's complaint, arguing that plaintiff was barred from maintaining this action under the doctrine of 
res judicata
 or election of remedies.  The trial court granted defendant's motion and dismissed the complaint.  Plaintiff timely appeals.

On appeal, plaintiff contends that, by executing the guaranty, defendant waived his defenses, including 
res judicata
 and election of remedies, to plaintiff's attempt to collect the deficiency judgment.  In addition, plaintiff contends that 
res judicata
 does not apply to this cause, as it is an 
in personam
 contract action on the guaranty executed by defendant, whereas the foreclosure action was a different cause of action.  As we find the arguments regarding 
res judicata
 to be dispositive, we turn to this issue first.

Before delving into the substance of plaintiff's contentions, we note that a section 2--619 motion to dismiss a cause or a claim admits the legal sufficiency of the plaintiff's allegations, but asserts the existence of an affirmative matter sufficient to defeat or avoid the claim presented.  
Miner v. Fashion Enterprises, Inc.
, 342 Ill. App. 3d 405, 413 (2003).  The purpose of section 2--619 is to allow the litigants to dispose of easily proved factual issues and issues of law during the early stages of a case.  
Miner
, 342 Ill. App. 3d at 413.  Because of this purpose, the questions on appeal are similar to those presented in a summary judgment, namely, whether a genuine issue of material fact exists and whether the defendant is entitled to judgment as a matter of law.  
Miner
, 342 Ill. App. 3d at 413.  We review 
de novo
 the dismissal of a complaint pursuant to section 2--619 of the Code
.  
Miner
, 342 Ill. App. 3d at 413.

Section 2--619(a)(4) of the Code (735 ILCS 5/2--619(a)(4) (West 2002)) incorporates the doctrine of 
res judicata
 and allows a trial court to dismiss an action on the grounds that it is barred by a previous judgment.  
Marvel of Illinois, Inc. v. Marvel Contaminant Control Industries, Inc.
, 318 Ill. App. 3d 856, 863 (2001).  The essential elements that need be satisfied in order to invoke the doctrine of 
res judicata
 are "(1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of cause of action; and (3) an identity of parties or their privies."  
Marvel of Illinois
, 318 Ill. App. 3d at 863.  It is only where all three elements are satisfied that the prior action will be "conclusive as to all issues that were, or properly might have been, raised in that action."  
Marvel of Illinois
, 318 Ill. App. 3d at 863.

In determining whether there is an identity of the cause of action, Illinois now adheres to the transactional test (as distinguished from the same-evidence test).  
River Park, Inc. v. City of Highland Park
, 184 Ill. 2d 290, 310 (1998).  When analyzed pursuant to the transactional test, "separate claims will be considered the same cause of action for purposes of 
res judicata
 if they arise from a single group of operative facts, regardless of whether they assert different theories of relief."  
River Park
, 184 Ill. 2d at 311.  Thus, under the transactional test, so long as the claims arise from the same transaction, they will be considered to be the same cause of action, even if there is not a substantial overlap of evidence between the claims.  
River Park
, 184 Ill. 2d at 311.

Here, defendant focuses on the Cook County action, noting that, while it was a foreclosure on the property that was mortgaged to secure the $1,050,000 promissory note, defendant was made a party to the suit.  As such, defendant contends that the current action on the guaranty was one that could have been raised in the Cook County action.  As a result, defendant concludes that, because the instant claim could have been raised in the Cook County action, the principle of 
res judicata
 should bar it being raised in this separate suit.  Plaintiff, by contrast, focuses on the gravamen of each claim in order to demonstrate that they do not constitute the same cause of action.  Plaintiff notes that a mortgage foreclosure is an 
in rem
 proceeding that operates directly on the property and binds the rights of all persons who hold ownership of lien interests in the property.  Plaintiff's action against defendant, on the other hand, is an 
in personam
 action to adjudicate defendant's liability under the "Commercial Guaranty."  Plaintiff concludes that, while the mortgage and the guaranty may be related, they are sufficiently distinct to support separate causes of action.

At first blush, a transactional analysis may appear to lead to the conclusion that the action on the guaranty is the same cause of action as the mortgage foreclosure, because the note, mortgage, and guaranty were all executed concurrently and, apparently, as components of a related deal.  Such a result, however, overlooks the practical aspects of the interrelated transactions comprising the execution of the note, mortgage, and guaranty, as well as long-settled precedent, and reduces the transactional analysis to the most cursory and formalistic level.  The note was executed to provide capital, the mortgage to secure the note.  Defendant personally provided the guaranty in order to assure the lender that any shortfall in the security provided by the mortgaged property would be made good.  While the three transactions are related, we do not believe that their mere proximity in time and the overlap of some of the parties render them a single transaction, especially in light of the purpose of each of the transactions.  

As plaintiff correctly notes, the Cook County mortgage foreclosure action was an action 
in rem
 that adjudicated only the rights and interests in the property that was the subject of the mortgage.  See 
Killebrew v. Killebrew
, 398 Ill. 432, 437 (1947) (judgment 
in rem
 "operates directly upon property and is binding upon all persons in so far as their interest in the property is concerned").  The Cook County action did not encompass the guaranty.  Further, defendant's rights under the guaranty were not placed in issue or adjudicated.  This action, by contrast, is an 
in personam
 action against defendant to adjudicate his liability under the "Commercial Guaranty"; nothing in this action touches upon the subject matter of the Cook County action, namely, the property that was the subject of the mortgage foreclosure.  As such, this action is separate and distinct from the Cook County action, and the principle of 
res judicata
 is inapplicable to the facts of this case.

This view is supported by well-settled precedent.  Because a mortgage and an accompanying promissory note securing the mortgage constitute separate contracts, they give rise to legally distinct remedies that cannot be pursued in a single-count foreclosure suit.  
Hickey v. Union National Bank & Trust Co. of Joliet
, 190 Ill. App. 3d 186, 190 (1989).  Here, the same logic obtains with greater force: the guaranty is a third contract, which is the subject of this action.  If the note accompanying a mortgage that is being foreclosed cannot be used as a basis for relief in a single-count foreclosure action, then the guaranty accompanying the mortgage and note likewise cannot be used as a basis for relief in a single-count foreclosure action.

It is also settled that, upon default, the mortgagee is allowed to choose whether to proceed on the note or guaranty or to foreclose upon the mortgage.  "These remedies may be pursued consecutively or concurrently."  
Farmer City State Bank v. Champaign National Bank
, 138 Ill. App. 3d 847, 852 (1985).  Here, foreclosure on the mortgage was chosen as the first action; thereafter, plaintiff was entitled to proceed upon the guaranty.  
Farmer City
, 138 Ill. App. 3d at 852.

More specifically, a mortgage foreclosure expressly has been held not to bar a subsequent suit on a guaranty.  In 
Citicorp Savings of Illinois v. Ascher
, 196 Ill. App. 3d 570, 574 (1990), the court held that a judgment of foreclosure did not adjudicate the defendant's rights and liabilities under a guaranty contract, and, therefore, the doctrine of 
res judicata
 did not apply.  Likewise, in 
Du Quoin State Bank v. Daulby
, 115 Ill. App. 3d 183, 186 (1983), the court held that a previous foreclosure did not settle the defendant's liability stemming from a personal guaranty.  These cases illustrate that a suit on a personal guaranty is expressly allowed where a previous mortgage foreclosure and sale resulted in a deficiency.  In such a situation, 
res judicata
 will not bar the subsequent suit on the guaranty contract.

Defendant attempts to distinguish the cases cited above, arguing that there the action on the guaranty was brought in the same proceeding as the foreclosure action.  This, defendant asserts, is the "appropriate way to pursue the claims."  Significantly, however, defendant does not offer, and our research has not uncovered, any authority stating that the failure to pursue an action on a guaranty contract concurrently with a foreclosure action will result in a later attempt to pursue the action on the guaranty contract being deemed to be barred by 
res judicata
.  In fact, the 
Farmer City
 court explicitly stated that  "[t]hese remedies may be pursued consecutively or concurrently."  
Farmer City
, 138 Ill. App. 3d at 852.  Accordingly, we reject defendant's argument.  

Defendant also asserts that 
res judicata
 should apply here, because the action on the guaranty could have been raised in the Cook County foreclosure action.  We disagree.  Properly considered, 
Citicorp
, 
Farmer City
, and 
Du Quoin
 hold that the doctrine of  
res judicata
 does not apply to notes and guaranties accompanying mortgages.  See, 
e.g.
, 
Citicorp
, 196 Ill. App. 3d at 574; 
Farmer City
, 138 Ill. App. 3d at 852; 
Du Quoin
, 115 Ill. App. 3d at 186.  Thus, defendant's contention is immaterial and we reject it.

Because of our resolution of this issue, we need not address plaintiff's arguments concerning whether defendant contractually waived his ability to claim 
res judicata
 as a defense to plaintiff's action on the "Commercial Guaranty."  For the foregoing reasons, the judgment of the circuit court of Lake County is reversed, and the cause is remanded for further proceedings consistent with this opinion.

Reversed and remanded.

BOWMAN and KAPALA, JJ., concur.