2015 IL App (1st) 140184

SIXTH DIVISION

No. 1-14-0184

_____

IN THE
APPELLATE COURT OF ILLINOIS
FIRST JUDICIAL DISTRICT

_____

| | | |
|---|---|---|
| LSREF2 NOVA INVESTMENTS III, LLC, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 L 5297 |
| | ) | |
| MICHELLE COLEMAN, | ) | The Honorable |
| | ) | Brigid Mary McGrath, |
| Defendant-Appellee. | ) | Judge Presiding. |

_____

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.
Justices Hall and Rochford concurred in the judgment and opinion.


**O P I N I O N**

¶ 1     Plaintiff, LSREF2 Nova Investments III, LLC, appeals the circuit court's order

granting a motion to reconsider in favor of defendant, Michelle Coleman, and dismissing

plaintiff's complaint seeking relief under a promissory note based on the doctrine of *res

judicata*.  On appeal, plaintiff contends the circuit court erred in dismissing its complaint

where *res judicata* did not bar it from pursuing a distinct remedy other than the remedy

pursued in the prior mortgage foreclosure action.  Based on the following, we affirm.

¶ 2                                          FACTS

¶ 3     On November 19, 2007, defendant executed a mortgage and a promissory note in relation to a commercial property located at 6456 S. Honore, in Chicago, Illinois. The promissory note was for $304,000 and was secured by the mortgage. Plaintiff is the current holder of the promissory note, as the apparent successor in interest of Citibank, N.A. Defendant defaulted on her payments in 2010.

¶ 4     On August 18, 2010, plaintiff's predecessor in interest filed a single-count complaint to foreclose the mortgage seeking in its prayer for relief, *inter alia*, a judgment to foreclose the mortgage and a personal judgment for a deficiency. Plaintiff's predecessor in interest brought the complaint in its capacity as the legal holder of the mortgage and the promissory note. The mortgage and the promissory note were attached as exhibits to the complaint. The unpaid balance due at the time of the filing of the foreclosure complaint was $291,813.89. The complaint alleged that defendant was "personally liable for any deficiency."

¶ 5     On November 22, 2010, the circuit court entered a judgment of foreclosure and sale in favor of plaintiff, finding that a default by defendant, the "valid" obligee of the mortgage and promissory note, had occurred in the payment of the principal and interest due pursuant to the terms of said mortgage and promissory note and that "plaintiff has the right and power to declare immediately due and payable all indebtedness secured by the mortgage." The circuit court further found that by virtue of the mortgage and note, plaintiff was due $322,668.35. The judgment also provided that "[i]n case there is any deficiency in the amount [due] the plaintiff, LSREF2 NOVA INVESTMENTS, LLC, the plaintiff shall be entitled to a deficiency judgment against the defendant, MICHELLE L.

COLEMAN, jointly and severally, for such amount and for an execution thereon as provided by law." In addition, the judgment provided that "[t]he Court expressly retains jurisdiction of the property which is the subject of this foreclosure for so long as may be necessary for the purpose of placing in possession of the premises the holder of the Certificate of Sale or the grantees in the Intercounty Judicial Deed, or his or their legal representatives or assigns, and reserves the right to appoint a receiver to take possession of said premises in order to prevent impairment of the value of the premises, manage and conserve the premises, or satisfy any deficiency which may be found due to plaintiff."

¶6 On January 11, 2011, a judicial sale was held and plaintiff purchased the subject property for $100,000. On February 28, 2011, the circuit court entered an order approving the report of the sale and distribution of the subject property, confirming the sale, and ordering possession. The February 28, 2011, order stated that "[t]here shall be an IN REM deficiency judgment entered in the sum of $227,416.32 with interest thereon as by statute provided against the subject property."

¶7 On May 15, 2012, plaintiff filed a complaint, seeking to enforce the promissory note against defendant. On January 2, 2013, defendant filed an answer, but, on May 15, 2013, the circuit court granted defendant's motion to withdraw that answer and to file a motion to dismiss. In her motion to dismiss pursuant to section 2-619 of the Code of Civil Procedure (Code) (735 ILCS 5/2-619 (West 2010)), defendant alleged plaintiff's breach of contract action was barred by the doctrine of *res judicata* where the circuit court already had ruled on defendant's liability pursuant to the promissory note. On October 30, 2013, the circuit court denied defendant's motion to dismiss without providing its reasoning. Then, on November 27, 2013, defendant filed a motion to

reconsider the circuit court's denial of her motion to dismiss, arguing that the circuit court erred in its application of the law to the facts established by the pleadings. Following a hearing,[1] the motion to reconsider was granted by the circuit court on December 19, 2013, and plaintiff's complaint was "dismissed with prejudice based upon *res judicata*." This appeal followed.

¶8                                  ANALYSIS

¶9      Plaintiff contends the circuit court erred in granting defendant's motion to reconsider and in dismissing its complaint based on *res judicata* where plaintiff was entitled to pursue an action separate from the prior foreclosure proceeding in order to adjudicate defendant's liability under the promissory note. In response, defendant contends plaintiff is barred from pursuing an *in personam* claim under the note against her where its previously adjudged complaint requested "[a] personal judgment for any deficiency," where the foreclosure judgment explicitly provided that plaintiff was "entitled to a deficiency judgment" against defendant in the event there was a remaining deficiency, and where the order approving the sale and distribution of the subject property stated that "[t]here shall be an IN REM deficiency judgment entered in the sum of $227,416.32 with interest thereon as by statute provided against the subject property."

¶10     The parties dispute the proper standard of review. While we recognize that the circuit court did grant defendant's motion to reconsider, the ultimate ruling was the dismissal of plaintiff's complaint on the basis of *res judicata*. A section 2-619 motion to dismiss admits the legal sufficiency of a plaintiff's allegations but asserts the existence of an affirmative matter that avoids or defeats the plaintiff's claim, in this case *res judicata*.

---

[1] A transcript from the hearing, or an acceptable substitute, does not appear in the record on appeal.

See *Barber v. American Airlines, Inc.*, 241 Ill. 2d 450, 455 (2011). This court reviews *de novo* a dismissal pursuant to section 2-619 based upon the doctrine of *res judicata*. *Morris B. Chapman & Associates, Ltd. v. Kitzman*, 193 Ill. 2d 560, 565 (2000).

¶11     The doctrine of *res judicata* prevents the multiplicity of lawsuits between the same parties involving the same facts and issues. *Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 22. In order for *res judicata* to bar the same parties or their privies from litigating causes of action that were or could have been raised in an earlier lawsuit, the moving party must demonstrate: (1) a final judgment on the merits rendered by a court of competent jurisdiction; (2) an identity of causes of action; and (3) an identity of the parties or their privies. *Id*. ¶¶ 22-23.

¶12     In this case, there is no dispute regarding the presence of the first and third elements of the doctrine of *res judicata* where the circuit court rendered a final judgment by granting relief in the foreclosure action and there is an identity of the parties or privies. The parties dispute the second element, namely, the existence of an identity of causes of action. Plaintiff contends there was no identity to the causes of action where it sought separate, consecutive proceedings for the adjudication of the mortgage and promissory note. In contrast, defendant argues there was an identity of the causes of action where the pleadings demonstrate plaintiff chose to adjudicate its rights under the note in the mortgage foreclosure action.

¶13     With regard to the second element of *res judicata*, Illinois courts apply the "transactional test" to determine the identity of causes of action. *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 310 (1998). Pursuant to the transactional test, separate claims are considered as part of the same cause of action, even without substantial

overlap in the evidence, as long as the claims "arise from a single group of operative facts, regardless of whether they assert different theories of relief." *Id*. at 311.

¶14    Based on the record before us, we conclude that the circuit court properly dismissed plaintiff's complaint based on *res judicata*. In the foreclosure action, plaintiff sought to foreclose on defendant's property, but also explicitly sought a personal deficiency judgment against defendant. Plaintiff sought the personal deficiency judgment based on defendant's obligations under both the promissory note and the mortgage. Pursuant to section 15-1508(e) of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1508(e) (West 2010)), with "any order confirming a sale pursuant to the judgment of foreclosure, the court shall also enter a personal judgment for deficiency against any party (i) if otherwise authorized and (ii) to the extent requested in the complaint and proven upon presentation of the report of sale in accordance with Section 15-1508." Therefore, section 15-1508(e) of the Foreclosure Law allowed such a personal money judgment to be entered against defendant in the foreclosure action and allowed plaintiff to enforce and collect it to the same extent and manner applicable to any money judgment.[2]

¶15    Furthermore, the foreclosure judgment order entered against defendant stated that plaintiff would be entitled to a deficiency judgment after the sale of the property and be allowed to execute upon such judgment in the event there was a "deficiency amount [due]." Following the judicial sale, there was such a "deficiency amount" due plaintiff

---

[2] In the foreclosure action, the circuit court specifically found defendant was personally served with the foreclosure complaint and, thus, the provisions of section 15-1508(e) of the Foreclosure Law were fully applicable and authorized the circuit court to enter a personal deficiency judgment.

for $227,416.32 plus interest. We recognize that the circuit court's February 28, 2011, order confirming the sale did not provide for an *in personam* deficiency judgment but for an *in rem* one; however, the fact that plaintiff did not obtain an *in personam* deficiency judgment, as requested in its foreclosure complaint, does not preclude the application of *res judicata* principles to the suit here. See *In re Liquidation of Legion Indemnity Corp.*, 373 Ill. App. 3d 969, 974 (2007) (*Res judicata* bars not only what was actually decided in the first action but, also, whatever could have been decided.).

¶16     In this action, plaintiff seeks to recover the amount of the deficiency as adjudicated in the foreclosure action from defendant. Although plaintiff contends the current action is brought strictly on the promissory note, the underlying complaint sought to recover from defendant the deficiency which resulted from the foreclosure of the mortgage in the amount determined in the order confirming the sale. The question before this court for *res judicata* purposes is whether the claim raised in the underlying lawsuit could have been resolved in the prior lawsuit. The answer is yes. In the foreclosure action, plaintiff sought to recover any amount not covered by the foreclosure sale against defendant as provided by section 15-1508(e) based on plaintiff's default on the mortgage and the promissory note. In the claim underlying this appeal, plaintiff again sought recovery based on the same default by defendant on the note and recovery of the amount of the deficiency as determined by the order confirming the sale in the foreclosure action. We, therefore, conclude that plaintiff's claim as alleged in the complaint before us and its claim for a personal deficiency judgment in the foreclosure suit arise from a single group of operative facts—the deficiency which resulted from after the foreclosure sale based on

plaintiff's default—albeit on different causes of action against defendant. As a result, plaintiff's claim is barred by the doctrine of *res judicata*.

¶17    Our conclusion does not conflict with the holding in *Farmer City State Bank v. Champaign National Bank*, 138 Ill. App. 3d 847 (1985). In that case, Farmer City State Bank made a loan of $60,000 to John and Evelyn Henry in return for a promissory note. Champaign National Bank executed a mortgage to secure the loan made by Farmer City State Bank and a second mortgage secured by another promissory note for a loan of $345,000. When a default occurred, Farmer City State Bank sought and obtained a default by confession against the Henrys on the $60,000 promissory note. Farmer City State Bank then filed an action seeking to foreclose on both mortgages which resulted in deficiency judgments against the Henrys. *Id*. at 848-49.

¶18    The relevant issue on appeal was the Henrys' contention that the foreclosure court impermissibly increased the amount of the judgment entered in the initial suit on the promissory note because the deficiency decree allocated the attorneys fees and costs associated with collecting the debts to the $60,000 note. The court in *Farmer City State Bank* found the foreclosure court did not impermissibly increase the prior judgment and said:

"Upon default, a mortgagee may sue upon the note itself or bring an action to foreclose the mortgage. [Citation.] These remedies may be pursued consecutively or concurrently. [Citation.] Where the mortgagee takes a judgment upon the note, the mortgage stands as security for the judgment. [Citation.] If the mortgagee then forecloses the mortgage and obtains a

deficiency judgment against the mortgagor, the judgment on the note is merged into the second judgment." *Id*. at 852.

Thus, according to *Farmer City State Bank*, a mortgagee may pursue a foreclosure action and bring a lawsuit on the note consecutively or concurrently.

¶ 19    The instant case is distinguishable from *Farmer City State Bank*. First and foremost, the *Farmer City State Bank* court did not conduct a *res judicata* analysis. Furthermore, plaintiff here did not initially file suit on the promissory note like the mortgagee did in *Farmer City State Bank*. Rather, here, plaintiff's claim for a personal deficiency judgment was raised *concurrently* with its request for foreclosure on the property in the foreclosure action, and a final judgment was entered against defendant allowing for entry of a deficiency judgment after the sale of the property. Plaintiff, having pursued its remedy for a personal deficiency judgment in the mortgage foreclosure case, is precluded from now seeking a personal deficiency judgment solely on the promissory note in this consecutive action.

¶ 20    Although the court in *Farmer City State Bank* did not address *res judicata* principles, courts have relied on that decision in finding that *res judicata* did not bar a subsequent claim when there was a foreclosure action and a purely *in personam* action at issue. See, *e.g.*, *LP XXVI, LLC v. Goldstein*, 349 Ill. App. 3d 237 (2004); *Turczak v. First American Bank*, 2013 IL App (1st) 121964.

¶ 21    In *Goldstein*, the defendant and others had executed a promissory note and a mortgage, but defendant had also executed a personal commercial guaranty. Upon default, a mortgage foreclosure suit was filed which the *Goldstein* court described as strictly an "*in rem*" proceeding. *Goldstein*, 349 Ill. App. 3d at 241. After obtaining relief

in the foreclosure action, including an *in rem* deficiency judgment, the plaintiff, who had been assigned all interests in the note, brought suit against the defendant on the personal guaranty. The guaranty provided that the defendant had waived any defenses to suit on the guaranty which may be brought before or after completion of any foreclosure action. *Id*. at 238-39. The court found that the *in rem* deficiency judgment in the foreclosure action did not bar the subsequent suit on the personal guaranty, stating:

> "The [foreclosure] action did not encompass the guaranty. Further,
>
> defendant's rights under the guaranty were not placed in issue or
>
> adjudicated. This action, by contrast, is an *in personam* action against
>
> defendant to adjudicate his liability under the 'Commercial Guaranty';
>
> nothing in this action touches upon the subject matter of the [foreclosure]
>
> action, namely, the property that was the subject of the mortgage
>
> foreclosure. As such, this action is separate and distinct from the
>
> [foreclosure] action, and the principle of *res judicata* is inapplicable to the
>
> facts of this case." *Id*. at 241.

The *Goldstein* court found that its conclusion was supported by *Farmer City State Bank*, which established precedent that a mortgagee may proceed on the note or guaranty or foreclose on the mortgage consecutively or concurrently. *Id*. at 241-42.

¶22 The facts here are different. The instant suit is not based on a personal guaranty, but on the promissory note that secured the mortgage. The note does not include a waiver of any defenses to a suit thereupon. Moreover, there is no indication in *Goldstein* that the plaintiff had sought a personal deficiency judgment in the foreclosure action, nor that the foreclosure court had personal jurisdiction over the guarantor. In fact, the

appellate court described the mortgage foreclosure suit as strictly "*in rem*," or on the property, and as not encompassing the guaranty. Thus, the *Goldstein* court did not discuss or consider the significance of section 15-1508(e) of the Foreclosure Law. Unlike *Goldstein*, our defendant's obligations under the promissory note were contained in the foreclosure complaint and considered in the foreclosure judgment. Plaintiff specifically sought a personal deficiency judgment and was entitled to obtain such a judgment under section 15-1508(e) and the terms of the foreclosure judgment. We, therefore, find *Goldstein* does not support a conclusion that *res judicata* is inapplicable in this case.

¶23    In *Turczak*, Wells Fargo Bank and First American Bank financed the plaintiffs' purchase of their home. Each loan was secured by a promissory note and a mortgage, with Wells Fargo having the first mortgage. The plaintiffs defaulted on both loans. In June 2010, Wells Fargo filed a foreclosure action against the plaintiffs and First American Bank. Judgment for a foreclosure and sale was entered in the amount of $408,597.92. In June 2010, during the pendency of Wells Fargo's foreclosure suit, First American obtained a default judgment against the plaintiffs on its note for $80,986.93, and recorded a memorandum of judgment on December 28, 2010. *Turczak*, 2013 IL App (1st) 121964, ¶¶ 4-6.

¶24    Before the foreclosure action was finally resolved, the plaintiffs attempted to sell the property as a short sale, but First American Bank, through the law firm representing it, would not agree to the release of its mortgage until it received $6,000. The law firm informed plaintiffs that First American Bank continued to have an enforceable mortgage. The plaintiffs later filed a separate suit against the law firm for damages alleging it had

engaged in false and misleading conduct. *Id*. ¶¶ 7-9. The law firm moved to dismiss the suit arguing that it properly asserted that First American Bank had an enforceable mortgage after the judgment on the note because "Illinois law allows a creditor to consecutively as well as concurrently pursue remedies on a mortgage and the note securing the mortgage." *Id*. ¶ 11. The circuit court dismissed the suit.

¶25 On appeal, this court, citing *Goldstein* and *Farmer City State Bank*, upheld the dismissal. We found that the settled law allows a mortgagee to enforce the note in consecutive suits and stated that "[f]oreclosure suits on property, *quasi in rem* proceedings, apply a legally distinct remedy from an *in personam* proceeding on a promissory note." *Id*. ¶ 33.

¶26 We find that *Turczak* is factually distinguishable from the instant case. In this case, as previously discussed, plaintiff did not file its initial lawsuit on the promissory note. Plaintiff, instead, filed a foreclosure action after defendant defaulted on the mortgage and the promissory note, and that foreclosure action concurrently sought a personal deficiency judgment against defendant. Moreover, in *Turczak*, this court found the facts in *Skolnik v. Petella*, 376 Ill. 500 (1941), were "markedly" different. *Turczak*, 2013 IL App (1st) 121964, ¶¶ 25-28. *Skolnik*, however, has significant, relevant factual similarities to the case at hand.

¶27 In *Skolnik*, a foreclosure action was brought against the original debtors and their assignees. The foreclosure court had personal jurisdiction over all parties, but the foreclosure complaint sought a personal deficiency decree against only the original debtors. The court's foreclosure judgment included a personal deficiency decree against the original debtors, but not the assignees. Thereafter, an action was brought against the

assignees for the amount of the remaining deficiency. On review, our supreme court found the second action was barred by *res judicata*, where the foreclosure court had personal jurisdiction over the assignees and had express statutory authority to enter a personal deficiency judgment against them in the foreclosure action. Ill. Rev. Stat. 1939, ch. 95, ¶ 17 (preceded section 15-1508). The supreme court found *res judicata* applied even where the pleadings had not raised a claim for a personal deficiency decree against the assignees because the claim could have been brought in that action. *Skolnik*, 375 Ill. at 507 ("Piecemeal litigation is not to be permitted and neither the parties nor the courts may be twice vexed with the same cause of action.").

¶28      In *Turczak*, this court stated that "the holding in *Skolnik* is consistent with *res judicata* principles because the second action on the deficiency was nothing more than a do-over of the first action on the deficiency." *Turczak*, 2013 IL App (1st) 121964, ¶ 28. We find that *Skolnik* is controlling here and bars plaintiff's underlying claim as a "do-over of the first action on the deficiency." *Id*.

¶29      In sum, where the circuit court had personal jurisdiction over defendant to enter a personal deficiency judgment against her pursuant to section 15-1508(e) of the Foreclosure Law based on plaintiff's request for a personal deficiency judgment in its foreclosure complaint, plaintiff's subsequent claim for the amount of the deficiency as determined in the foreclosure suit as a result of the sale of the property is barred by the doctrine of *res judicata* in accordance with the relevant transactional test of *River Park* and the holding in *Skolnik*.

¶30                                    CONCLUSION

¶31    We affirm the circuit court's December 19, 2013, order dismissing the complaint with prejudice.

¶32    Affirmed.

LSREF2 NOVA INVESTMENTS III, LLC,

Plaintiff-Appellant,

v.

MICHELLE COLEMAN,

Defendant-Appellee.

No. 1-14-0184

Appellate Court of Illinois
First District, SIXTH DIVISION

June 5, 2015

JUSTICE LAMPKIN delivered the judgment of the court, with opinion.

Justice Hall and Justice Rochford concurred in the judgment and opinion.

Appeal from the Circuit Court of Cook County.
The Hon. Brigid Mary McGrath, Judge Presiding.

**COUNSEL FOR PLAINTIFF-APPELLANT**
Johnson, Blumberg & Associates, LLC, Chicago, IL 60606
OF COUNSEL: Rebecca M.R. Weininger


**COUNSEL FOR DEFENDANT-APPELLEE**
Arends & Callahan, Chicago, IL 60643
OF COUNSEL: Wade B. Arends