# Illinois Official Reports

## Supreme Court

---

### *First Midwest Bank v. Cobo*, 2018 IL 123038

---

| | |
|---|---|
| Caption in Supreme Court: | FIRST MIDWEST BANK, Appellant, v. ANDRES COBO *et al.*, Appellees. |
| Docket No. | 123038 |
| Filed | November 29, 2018 |
| Decision Under Review | Appeal from the Appellate Court for the First District; heard in that court on appeal from the Circuit Court of Cook County, the Hon. Raymond W. Mitchell, Judge, presiding. |
| Judgment | Appellate court judgment affirmed.<br>Circuit court judgment vacated. |
| Counsel on Appeal | Stephen Daday, Diana Rdzanek, and Julie Repple, of Klein, Daday, Aretos, & O'Donoghue, LLC, of Rolling Meadows, for appellant.<br><br>James DiChristofano, of DiChristofano & Associates, and Arthur C. Czaja, both of Niles, for appellees.<br><br>Lloyd Brooks, of Consumer Legal Group, P.C., of Matteson, for *amicus curiae* Association of Foreclosure Defense Attorneys.<br><br>James V. Noonan and Solomon Maman, of Noonan & Lieberman, Ltd., of Chicago, for *amicus curiae* American Legal and Financial Network. |

Justices             JUSTICE GARMAN delivered the judgment of the court, with opinion.

Chief Justice Karmeier and Justices Thomas, Kilbride, Burke, Theis, and Neville concurred in the judgment and opinion.

## OPINION

¶ 1      In Illinois, a plaintiff who voluntarily dismisses a claim has only one opportunity to refile that same claim. Whether two lawsuits assert the same claim does not depend solely on how the plaintiff titles the complaint, however. This issue sometimes requires a judicial determination.

¶ 2      In this case, plaintiff First Midwest Bank (First Midwest) sued defendants Andres Cobo and Amy M. Rule for breach of a promissory note. Cobo and Rule responded that First Midwest or its predecessor had already sued them twice for the same breach of the same promissory note: once in a foreclosure suit in 2011 and once in a breach of promissory note suit in 2013. First Midwest claimed that the first lawsuit involved a claim for foreclosure on a mortgage, which is different from a breach of a promissory note.

¶ 3      The circuit court of Cook County agreed with First Midwest Bank, but the appellate court reversed. 2017 IL App (1st) 170872. We granted First Midwest's petition for leave to appeal (Ill. S. Ct. R. 315 (eff. Nov. 1, 2017)), and we affirm the appellate court's decision. We hold that a lawsuit for breach of a promissory note asserts the same cause of action as a prior foreclosure complaint when that foreclosure complaint specifically requested a deficiency judgment based on the same default of the same note.

¶ 4                                  BACKGROUND

¶ 5      On November 20, 2006, Andres Cobo and Amy M. Rule, the defendants, took out a mortgage on their property located at 625 S. 12th Avenue, Maywood, Illinois, with Waukegan Savings and Loan, SB (Waukegan). This mortgage secured a loan from Waukegan for $227,500.

¶ 6      Five years later, Cobo and Rule defaulted on their loan. Waukegan commenced foreclosure proceedings on December 8, 2011, alleging that defendants had ceased making payments on July 1, 2011. In compensation for the remaining $214,079.06, plus interest, collection costs, and late fees, Waukegan sought a foreclosure and sale of 625 S. 12th Avenue and a deficiency judgment for the remaining debt against defendants. The complaint named Cobo and Rule as "persons claimed to be personally liable for deficiency." The complaint's requested relief included a "Judgment of foreclosure and sale" and "personal judgment for deficiency, if sought."

¶ 7      First Midwest acquired Waukegan's interest in the note and mortgage, and on April 2, 2013, First Midwest voluntarily dismissed the foreclosure suit. It filed a new lawsuit against Cobo and Rule on April 16, 2013, for breach of a promissory note. First Midwest alleged that Cobo and Rule had defaulted on their loan on July 1, 2011, and sought $251,165.72, which included the $214,079.06 remaining on the principal plus interest, late fees, and other costs.

¶ 8        After another two years the case had not yet proceeded to trial. First Midwest moved to continue the trial date, but on April 3, 2015, the circuit court denied that motion. That same day, First Midwest voluntarily dismissed its suit.

¶ 9        Finally on July 30, 2015, First Midwest initiated the lawsuit that provides the basis for this appeal. First Midwest sued Cobo and Rule for breach of a promissory note and unjust enrichment, seeking $278,838.13, which included the $214,079.06 principal plus interest, late fees, and other costs.

¶ 10       Cobo and Rule moved to dismiss under section 2-619 of the Code of Civil Procedure (Code). 735 ILCS 5/2-619 (West 2016). Citing *LSREF2 Nova Investments III, LLC v. Coleman*, 2015 IL App (1st) 140184, they argued that Illinois's "single refiling rule," which prohibits a plaintiff from refiling the same cause of action more than once, barred First Midwest's claim. Because First Midwest or its predecessor in interest had already filed two lawsuits based on the same mortgage, note, and default, Cobo and Rule asked the court to dismiss the suit.

¶ 11       The circuit court denied the motion to dismiss. Relying on *LP XXVI, LLC v. Goldstein*, 349 Ill. App. 3d 237 (2004), the court found that a lawsuit based on a mortgage and a lawsuit based on a promissory note are not the same cause of action. It concluded that the pending lawsuit was the first refiling of the breach of a promissory note action and both of those suits were distinct from the foreclosure suit. The court distinguished *Coleman* because in that case the first lawsuit had reached a final adjudication on the merits but the foreclosure complaint in this case was voluntarily dismissed.

¶ 12       Later First Midwest moved for summary judgment. Cobo and Rule reasserted their single refiling rule argument as an affirmative defense. First Midwest moved to strike defendants' affirmative defenses. The circuit court granted First Midwest's motion to strike the affirmative defenses and granted summary judgment, awarding First Midwest $308,192.56.

¶ 13       The appellate court vacated the circuit court's order and dismissed the complaint. 2017 IL App (1st) 170872. It acknowledged that a mortgage and note are distinct contracts, but it found that First Midwest's suit for breach of promissory note and its foreclosure suit arose from the same set of operative facts and thus constitute the same cause of action for the purposes of the single refiling rule. *Id.* ¶ 19. Agreeing with *Coleman*, 2015 IL App (1st) 140184, the court concluded that a foreclosure complaint that seeks a deficiency judgment arises out of both the mortgage and the note. 2017 IL App (1st) 170872, ¶ 22. In response to the circuit court's observation that *Coleman* involved a prior suit that reached a final adjudication on the merits, the appellate court found that final adjudication was a component of *res judicata*, not the single refiling rule. Because First Midwest or its predecessor sued based on the same default of the same note in 2011, 2013, and 2015, the court held that this suit for breach of promissory note was an impermissible second refiling.

¶ 14       First Midwest petitioned this court for leave to appeal, and we allowed that petition. Ill. S. Ct. R. 315 (eff. Mar. 15, 2016).

¶ 15                                ANALYSIS

¶ 16       The circuit court's order under review is a grant of summary judgment in favor of First Midwest. We review a summary judgment order *de novo*. *Schultz v. Illinois Farmers Insurance Co.*, 237 Ill. 2d 391, 399-400 (2010). A court should award summary judgment only

if there is no question of material fact and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2012). Rule and Cobo raised the same argument in both a section 2-619 motion and as an affirmative defense on summary judgment. We review a motion to dismiss under section 2-619 *de novo. Moon v. Rhode*, 2016 IL 119572, ¶ 15.

¶ 17    Defendants Cobo and Rule argue that the court should dismiss First Midwest's complaint based on the single refiling rule. This rule derives from section 13-217 of the Code, which states that, in applicable actions, if

> "the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, *** the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after *** the action is voluntarily dismissed by the plaintiff." 735 ILCS 5/13-217 (West 1994).

In *Flesner v. Youngs Development Co.*, 145 Ill. 2d 252, 254 (1991), this court interpreted this provision to allow "one, and only one, refiling of a claim."

¶ 18    Whether two complaints state the same claim does not depend on how the plaintiff labels the complaint. Although this court has not yet spoken on this issue, multiple districts of the Illinois Appellate Court have agreed to use the same analysis to determine whether two suits assert the same cause of action for the purposes of the single refiling rule as they use for *res judicata*. See, *e.g.*, *Wells Fargo Bank, N.A. v. Norris*, 2017 IL App (3d) 150764, ¶ 21; *Mabry v. Boler*, 2012 IL App (1st) 111464, ¶ 22; *Schrager v. Grossman*, 321 Ill. App. 3d 750, 755 (2000); *D'Last Corp. v. Ugent*, 288 Ill. App. 3d 216, 220 (1997). The appellate court has consistently followed this approach, and we adopt it as well. Therefore, to determine whether two lawsuits assert the same cause of action for purposes of the single refiling rule, we will apply the test for "identity of cause of action" for *res judicata*—the "transactional test."

¶ 19    This test, which we adopted in *River Park, Inc. v. City of Highland Park*, 184 Ill. 2d 290, 311 (1998), treats separate claims as the same cause of action "if they arise from a single group of operative facts." Courts should approach this inquiry " 'pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage.' " *Id.* at 312 (quoting Restatement (Second) of Judgments § 24, at 196 (1982)).

¶ 20    We agree with Cobo and Rule that First Midwest's two later suits for breach of a promissory note asserted the same cause of action as First Midwest's predecessor's first suit under the mortgage and the note. Both breach of promissory note complaints alleged the same default date, July 1, 2011, as the foreclosure complaint. All three complaints alleged that Cobo and Rule were personally liable for the same $214,079.06 principal. Most importantly, in the foreclosure complaint from 2011, First Midwest's predecessor expressly sought a deficiency judgment under the note. Although that complaint had only one count, for "FORECLOSURE," it requested as a remedy "a personal judgment for deficiency, if sought." For practical purposes, the request for a deficiency judgment asserted a second claim, this one under the note. First Midwest later sought a remedy under that same note, alleging the exact same default date, in 2013 and again in 2015. The 2015 suit was an impermissible third filing.

¶ 21    First Midwest responds that a foreclosure proceeding is *quasi in rem* but a breach of note proceeding is *in personam. ABN AMRO Mortgage Group, Inc. v. McGahan*, 237 Ill. 2d 526,

535 (2010); *Turczak v. First American Bank*, 2013 IL App (1st) 121964, ¶ 33. It argues that these two distinct proceedings cannot assert the same cause of action. However, the *in personam* nature of the breach of promissory note proceeding is not determinative. The transactional test treats two claims as identical "if they arise from a single group of operative facts, *regardless of whether they assert different theories of relief*." (Emphasis added.) *River Park, Inc.*, 184 Ill. 2d at 311.

¶ 22    First Midwest further objects that all of the facts that the foreclosure complaint shared with the breach of promissory note complaints are included in the form foreclosure complaint that the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 5/15-1101 *et seq.* (West 2016)) provides. Section 15-1504(a) of the Foreclosure Law provides plaintiffs with a sample foreclosure complaint and instructs plaintiffs how to complete the form. This sample complaint instructs the plaintiffs to attach copies of both the mortgage and the note to the foreclosure complaint, to disclose the names of the defendants alleged to be personally liable for any deficiency, and to specify the total amount due. *Id.* § 15-1504(a). According to First Midwest, using these facts against a plaintiff in the transactional test would be unfair when the Foreclosure Law requires a plaintiff to plead these facts.

¶ 23    This objection is not compelling because no section of the Foreclosure Law requires a plaintiff to seek a deficiency judgment during the foreclosure proceedings. Section 15-1504(b) clearly states that the "foreclosure complaint need contain only such statements and requests called for by the form set forth in subsection (a) of Section 15-1504 as may be appropriate for the relief sought." *Id.* § 15-1504(b). Section 15-1504(a) allows a plaintiff in a foreclosure proceeding to request a "personal judgment for a deficiency, *if sought*." (Emphasis added.) *Id.* § 15-1504(a). Regarding deficiency judgments, section 15-1504(f) states that "the plaintiff *may* have a personal judgment against any party in the foreclosure indicated as being personally liable therefor and the enforcement thereof be had as provided by law." (Emphasis added.) *Id.* § 15-1504(f). This language indicates that, although a plaintiff has the option to seek a deficiency judgment in foreclosure proceedings, it need not.

¶ 24    That the exact language in First Midwest's predecessor's foreclosure complaint was "a personal judgment for deficiency, *if sought*" does not change our analysis. The phrase "if sought" likely results from the complainant closely replicating section 15-1504(a) of the Foreclosure Law. That section provides a sample foreclosure complaint form and instructions on how plaintiffs should complete the form. Section 15-1504(a) begins:

    "A foreclosure complaint may be in substantially the following form:

        (1) Plaintiff files this complaint to foreclose the mortgage (or other conveyance in the nature of a mortgage) (hereinafter called 'mortgage') hereinafter described and joins the following person as defendants: (here insert names of all defendants)." *Id.* § 15-1504(a)(1).

Section 1504(a) ends by providing a sample request for relief.

        "REQUEST FOR RELIEF
        Plaintiff requests:
            (i) A judgment of foreclosure and sale.
            (ii) An order granting a shortened redemption period, if sought.
            (iii) A personal judgment for a deficiency, if sought.

(iv) An order granting possession, if sought.

(v) An order placing the mortgagee in possession or appointing a receiver, if sought.

(vi) A judgment for attorneys' fees, costs and expenses, if sought." *Id.* § 15-1504(a).

First Midwest's predecessor's foreclosure complaint from 2011 was nearly an exact reproduction of this request for relief. Rather than tailor the specific relief requested to the individual case by eliminating the instruction "if sought," First Midwest's predecessor likely transferred this language directly into its complaint. In such circumstances, we decline to find that the complaint did not seek a deficiency judgment.

¶ 25    Alternatively, First Midwest suggests that the phrase "if sought" allows a complainant to reserve that remedy. Purportedly this phrase allows a plaintiff to delay deciding whether to pursue a deficiency judgment until after the foreclosure sale. Without approving of this interpretation, we find that this interpretation would not change our conclusion. If First Midwest's predecessor sought to reserve the possibility that it would recover a personal judgment under the note, then it still invoked that note in the foreclosure complaint and threatened to seek a remedy based on the note. Cobo and Rule became alerted to the possibility that they would need to defend against a claim under the note. First Midwest cannot avoid the single refiling rule by claiming that the first complaint only raised the possibility that it might seek recovery under the note.

¶ 26    Our approach best reconciles the cases on which the parties rely. In *Coleman*, the lender initiated foreclosure proceedings, seeking both to foreclose on the mortgage and to secure a personal judgment against the borrowers for the deficiency. 2015 IL App (1st) 140184. The court foreclosed on the subject property and entered an *in rem* deficiency judgment. Later the plaintiff sued under the promissory note, but *res judicata* barred this suit. The plaintiff had argued that the two claims relied on two separate transactions; the first relied on the mortgage, and the second relied on the note. *Id.* ¶ 9. The appellate court found that the lender in the earlier case relied on both the mortgage and the promissory note because it sought a deficiency judgment in addition to foreclosure. The court concluded that both cases arose from the note, so they arose from the same set of operative facts and *res judicata* barred the second suit. *Id.* ¶ 14. Our analysis closely tracks the *Coleman* court's reasoning and that of the appellate court here (2017 IL App (1st) 170872, ¶ 22).

¶ 27    The circuit court here distinguished this case from *Coleman* because the first lawsuit in *Coleman* reached a final adjudication on the merits. The lender had foreclosed on the borrower's property and actually secured a deficiency judgment before the plaintiff filed another lawsuit to collect under the promissory note. *Coleman*, 2015 IL App (1st) 140184, ¶ 5. In this case, however, neither the foreclosure suit commenced in 2011 nor the suit for breach of promissory note commenced in 2013 reached a final adjudication on the merits. Instead the plaintiff voluntarily dismissed both cases. The circuit court here found that a final adjudication on the merits is a necessary component of *res judicata*, so it rejected defendant's reliance on *Coleman*.

¶ 28    The single refiling rule does not require that the prior lawsuit have reached a final adjudication on the merits. The single refiling rule applies to a variety of circumstances, including when "the action is voluntarily dismissed by the plaintiff, or the action is dismissed

- 6 -

for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue." 735 ILCS 5/13-217 (West 1994). In all of these circumstances the earlier litigation necessarily would not have reached a final adjudication on the merits. The single refiling rule is not simply another name for *res judicata*. Instead this rule results from our interpretation of section 13-217. *Flesner*, 145 Ill. 2d at 254. These are two separate doctrines, but the appellate court has applied the *res judicata* test for "identity of the cause of action" in the context of the single refiling rule because it is a convenient test with an established body of case law for determining when two causes of action are the same.

¶ 29    *Coleman* distinguished its facts from those in *Turczak*, 2013 IL App (1st) 121964, and *Goldstein*, 349 Ill. App. 3d 237—both cases on which First Midwest relies. We agree with *Coleman* that both cases are distinguishable. *Coleman*, 2015 IL App (1st) 140184, ¶¶ 22, 26.

¶ 30    In *Goldstein*, the defendant and the plaintiff's predecessor executed a mortgage, a promissory note, and a commercial guaranty. 349 Ill. App. 3d at 238. After the defendant defaulted, the plaintiff's predecessor foreclosed on the mortgage and secured a deficiency judgment. After acquiring the predecessor's interest, the plaintiff sued under the guaranty. *Id.* at 239. The appellate court found that *res judicata* did not bar the plaintiff's suit because the mortgage, note, and guaranty were all separate transactions. *Id.* at 241.

¶ 31    The appeal in *Goldstein* resulted from a guaranty specifically waiving any "one action" or "anti-deficiency" defense and any " 'other law which may prevent [plaintiff] from bringing any action, including a claim for deficiency, against [defendant], before or after [plaintiff's] commencement or completion of any foreclosure action.' " *Id.* at 238. Thus, *Goldstein* is distinguishable because it arose from the defendant's guaranty that specifically waived the sort of argument that Cobo and Rule raise here.

¶ 32    Moreover, *Goldstein* did not address a situation in which the lender sought a remedy under the same instrument in three separate suits. The first complaint in *Goldstein* did not seek a remedy under the guaranty. The court explicitly found that "defendant's rights under the guaranty were not placed in issue or adjudicated" in the prior litigation. *Id.* at 241. Unlike in *Goldstein*, in this case the litigants' rights under the note were at issue in all three proceedings.

¶ 33    In *Turczak* the defendant bank had already secured a default judgment against the plaintiffs for breaching a promissory note that accompanied a mortgage. When the plaintiffs later sought to sell their property to satisfy their debts to both the defendant and a second lender, the defendant bank claimed that its consent was required because it still had an enforceable mortgage on that property. *Turczak*, 2013 IL App (1st) 121964, ¶¶ 7-8. The defendant bank demanded that the plaintiffs pay $6000 before it would consent to the sale. *Id.* ¶ 8. Later, the plaintiffs alleged that the defendant bank's mortgage was not enforceable because the default judgment based on the promissory note created a *res judicata* bar to any attempt to enforce the mortgage. The plaintiffs sued the defendant bank, claiming that it violated the Consumer Fraud and Deceptive Business Practices Act (815 ILCS 505/1 *et seq.* (West 2008)) by pretending to have an enforceable mortgage when it did not. *Turczak*, 2013 IL App (1st) 121964, ¶ 10.

¶ 34    The appellate court rejected the plaintiffs' argument. It found that the defendant bank's mortgage had remained enforceable despite the prior default judgment. *Id.* ¶¶ 27-29. The court explained that a lender may sue under the mortgage and the note consecutively or concurrently. *Id.* ¶ 31. Because the defendant had sought only a default judgment in its earlier lawsuit, no

prior action adjudicated the parties' rights under the mortgage, and that mortgage remained enforceable. *Id.* ¶ 36.

¶ 35   First Midwest's reliance on *Turczak* is misplaced. The key component that was missing in *Turczak*—a prior lawsuit seeking to adjudicate the parties' rights under the disputed instrument—is present in this case. In *Turczak* the defendant bank had sought only a default judgment in the earlier litigation. *Id.* ¶¶ 27-29. It did not seek to foreclose on the mortgage, so the mortgage remained enforceable. Here First Midwest's predecessor sought remedies under both the mortgage and the note.

¶ 36   Notably, both *Goldstein* and *Turczak* relied on *Farmer City State Bank v. Champaign National Bank*, 138 Ill. App. 3d 847, 852 (1985), to demonstrate that a plaintiff may pursue remedies under a mortgage and a note either consecutively or concurrently. *Goldstein*, 349 Ill. App. 3d at 242; *Turczak*, 2013 IL App (1st) 121964, ¶ 29. First Midwest argues that this court must overturn *Farmer City* to find in favor of Cobo and Rule here.

¶ 37   We need not overturn *Farmer City* to rule in Cobo and Rule's favor. Consistent with *Farmer City*, we find that lenders may pursue a claim under the mortgage and note either consecutively or concurrently.[1] First Midwest's predecessor sought relief under the mortgage and note concurrently, and we do not hold that any part of the complaint was inappropriate at the time it was filed. Conversely, if First Midwest's predecessor had sought a remedy only under the note, it could seek a remedy under the mortgage later. *Turczak*, 2013 IL App (1st) 121964, ¶¶ 27-29. However, a lender may not assert a claim under the mortgage and the note concurrently by seeking a foreclosure and a deficiency judgment and then assert a claim under the note consecutively twice more.

¶ 38   First Midwest warns that this approach will have harmful consequences. Many notes or mortgages incorporate or reference a variety of other legal instruments. Sometimes a note is secured through multiple mortgages. Often a third party acts as a guarantor. The lender and the borrower frequently enter into loan modification agreements. First Midwest warns that if we rule against it, the court will limit the available remedies and require lenders to file one suit under all possible instruments.

¶ 39   By focusing on the remedy sought we avoid the consequences that First Midwest raises. First Midwest is correct that foreclosure complaints often share many facts with other lawsuits that a lender might bring. These shared facts, however, are not necessarily "operative facts" under the transactional test. *River Park, Inc.*, 184 Ill. 2d at 311. A plaintiff seeking to foreclose on a mortgage puts the note at issue and makes those facts "operative" only if the plaintiff also seeks to adjudicate the parties' rights under the note. Moreover, the Foreclosure Law explicitly states that "foreclosure of a mortgage does not affect a mortgagee's rights, if any, to obtain a personal judgment against any person for a deficiency." 735 ILCS 5/15-1511 (West 2016). Nothing in this opinion contradicts that statutory provision.[2] Because we do not hold that the

---

[1]For a helpful discussion of the historical difference between the deficiency judgment as a form of legal relief and the foreclosure as a form of equitable relief, see Elizabeth Martin, Note, *Getting a Second Bite at the Apple: The Res Judicata Exception for Seeking Foreclosure Deficiencies in Illinois*, 2016 U. Ill. L. Rev. 2271, 2275-80 (2016).

[2]In *United Central Bank v. KMWC 845, LLC*, 800 F.3d 307 (7th Cir. 2015), the Seventh Circuit referenced an old Illinois rule prohibiting a lender from suing under the mortgage when a statute of limitations or other procedural rule barred a suit under the note. Without approving of the Seventh

mortgage and note constitute the same transaction, we do not hold that claims under those instruments must be litigated at the same time for the purposes of the single refiling rule.[3] See *Turczak*, 2013 IL App (1st) 121964, ¶¶ 27-29.

¶ 40 This reasoning also applies to other instruments besides the note and the mortgage, such as a guaranty or a loan modification agreement. Illinois courts have consistently found that a plaintiff may not recover from a guarantor without pleading separately. *Hickey v. Union National Bank & Trust Co. of Joliet*, 190 Ill. App. 3d 186, 190 (1989); *United Central Bank v. Patel*, 2015 IL App (3d) 140863-U, ¶ 18; *First Midwest Bank v. IRED Elmhurst, LLC*, 2014 IL App (2d) 140456-U, ¶ 16. Unless the plaintiff alleges a violation of the guaranty in its initial complaint, a foreclosure suit based on a mortgage does not necessarily adjudicate any third party's rights. It does not even adjudicate the rights of the parties to the note unless the plaintiff specifically asks for that remedy, as First Midwest's predecessor did here. Similarly, if a plaintiff dismisses its foreclosure complaint because it has entered into a loan modification agreement with the defendant, the single refiling rule does not prevent that plaintiff from filing a new complaint based on that loan modification agreement. The second lawsuit is not simply a refiling of the first, because it relies on a distinct transaction and new operative facts. See *Norris*, 2017 IL App (3d) 150764, ¶ 22.

¶ 41                                                    CONCLUSION

¶ 42 First Midwest's suit for breach of a promissory note constituted the third attempt to collect from the same defendants based on the same July 1, 2011, default of the same promissory note. The single refiling rule barred this claim. The appellate court's opinion is affirmed, the circuit court's summary judgment order is vacated, and the case is dismissed.

¶ 43        Appellate court judgment affirmed.

¶ 44        Circuit court judgment vacated.

---

Circuit's analysis in that case, we note that any such rule would be in addition to the single refiling rule and would not affect the analysis here.

[3]In further response to First Midwest's prediction, we observe that it is not clear whether requiring lenders to bring all their potential claims against a borrower in one suit would be inadvisable. For example, California's "one action rule" states that "[t]here can be but one form of action for the recovery of any debt or the enforcement of any right secured by mortgage upon real property or an estate for years therein." Cal. Civ. Proc. Code § 726 (West 2016); *Security Pacific National Bank v. Wozab*, 800 P.2d 557 (Cal. 1990). This is exactly the policy that First Midwest opposes. We neither adopt this policy nor take any position on it, as Illinois law continues to allow lenders to sue under the mortgage, note, or other instrument separately.