# In the

# United States Court of Appeals

## For the Seventh Circuit

_____

Nos. 05-2061 & 05-2093

IN THE MATTER OF:
UAL CORPORATION, *et al.*,

*Debtors-Appellees.*

APPEALS OF:
INDEPENDENT FIDUCIARY SERVICES, INC.

_____

Appeals from the United States District Court for
the Northern District of Illinois, Eastern Division.
No. 05 C 181—**John W. Darrah**, *Judge.*

_____

ARGUED MAY 9, 2005—DECIDED MAY 9, 2005[†]
OPINION ISSUED MAY 24, 2005

_____

Before POSNER, EASTERBROOK, and EVANS, *Circuit Judges.*

EASTERBROOK, *Circuit Judge.* When United Airlines proposed to terminate its pension plans and transfer residual obligations to the Pension Benefit Guaranty Corporation, questions about the appropriateness of its remaining as fiduciary of those plans were resolved by replacing United in that role with Independent Fiduciary Services, Inc. (IFS).

_____

[†] The appeal was resolved by summary order issued shortly after oral argument, with a notation that an opinion would follow.

As part of this switch, IFS acknowledged that its capacity would be administrative only—to ensure collection of all sums due, and their correct distribution under the plans' terms, but not to take any position on whether those terms should be altered. That is consistent with the understanding that deciding how much financial security to offer employees is an entrepreneurial rather than a fiduciary function. See *Hughes Aircraft Co. v. Jacobson*, 525 U.S. 432 (1999); *Lockheed Corp. v. Spink*, 517 U.S. 882 (1996).

Notwithstanding this limit on the scope of its engagement, IFS sought to participate in a hearing under 11 U.S.C. §1113 at which the bankruptcy court would consider whether United can reject two of its collective bargaining agreements. Subsection 1113(d)(1) provides that "[a]ll interested parties may appear and be heard at such hearing", and IFS contends that it is an "interested party" because rejection of an agreement may affect United's pension obligations or the priority that legally required minimum pension funding after the plans' termination will receive in the bankruptcy. One of United's goals in the §1113 proceeding is obtaining the court's approval to terminate pension plans over the unions' opposition. IFS wants to oppose rejection; it expresses particular concern that United and its unions may reach a compromise that would affect the pensions of workers already retired. The bankruptcy judge ruled that IFS is not an "interested party" under §1113(d)(1), the district judge affirmed, and IFS immediately appealed.

Appellate jurisdiction is the initial question. IFS treats the bankruptcy judge's order as a denial of intervention. A decision denying a motion to intervene as of right is appealable immediately because it finally concludes the putative intervenor's rights, for only a party may appeal from the ultimate decision. An appeal from the order denying intervention is the only way to *become* a party and thus must precede decision on the merits. See, e.g., *Cascade Natural Gas Corp. v. El Paso Natural Gas Co.*, 386 U.S. 129 (1967).

That principle does not fit this situation, however, because IFS already is a party to United's bankruptcy proceeding. If United's proposal to reject the collective bargaining agreement initiated an adversary action, with a separate set of parties, then the fit would be better. But it did not; a proceeding under §1113 is a "contested matter" within the bankruptcy judge's core jurisdiction rather than an adversary proceeding. 28 U.S.C. §157(b). No appellate opinion holds that a bankruptcy judge's decision whether a given participant in the proceedings is an "interested party" under §1113 is equivalent to the denial of intervention; indeed, as far as we can tell this is the first time any dispute about either substance or procedure under §1113(d)(1) has reached a court of appeals.

This leads IFS to contend that a dispute about its participation is appealable as a "collateral order" under *Cohen v. Beneficial Industrial Loan Corp.*, 337 U.S. 541 (1949), because it is important, not subject to reconsideration in the trial court, distinct from the merits, and unreviewable as a practical matter later. The first three ingredients of the *Cohen* formula are established here, but the fourth is in doubt. If the bankruptcy judge erred in concluding that IFS is not an "interested party" under §1113(d), that at least in principle could be addressed on appeal from the final decision. The Supreme Court insists that the normal costs of litigation (including the costs of re-trying cases infected by error), and the normal chariness of appellate courts asked to reverse for mistakes that may well prove to be harmless, do not justify immediate review of procedural steps said to be erroneous. See, e.g., *Stringfellow v. Concerned Neighbors in Action*, 480 U.S. 370, 376-77 (1987); *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989).

Yet it is difficult to see when and how IFS could obtain appellate review from the final decision, because it is less than clear what the "final" decision would be. Unlike the disposition of an adversary proceeding, which is appealable

on the same terms as the final resolution of separate litigation, an order resolving a contested matter within the core proceeding is appealable only if equivalent to the disposition of a stand-alone suit. See, e.g., *In re Morse Electric Co.*, 805 F.2d 262, 264-65 (7th Cir. 1986). An order permitting a debtor to reject a collective bargaining agreement does not meet that description, because it leaves remedial questions unresolved. Rejection is equivalent to breach of contract outside bankruptcy: it converts an obligation to perform into an obligation to pay money for non-performance. See *NLRB v. Bildisco & Bildisco*, 465 U.S. 513, 530-31 (1984). Valuation of the financial obligation may not be complete until the plan of reorganization, and IFS would face formidable hurdles in attempting to appeal from an order confirming the final plan.

Because a plan authorizes (and often requires) many persons to act in reliance on judicial assurance that they are safe in doing so, courts are exceedingly reluctant to upset a plan after it has taken effect. See *In re UNR Industries, Inc.*, 20 F.3d 766 (7th Cir. 1994). As a practical matter review of a confirmed plan is possible only if it has been stayed pending appeal, and a stay is possible only if supported by a bond. IFS's role in this reorganization is too small to make a bond practical—it would have to secure the bond with its own assets rather than those of the pension funds, and the assets of a management company won't be up to the task. A substantial risk that the need to post a large bond would foreclose access to a decision on the merits led to review not only in *Cohen*, the original collateral-order opinion, but also in *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1 (1987). Even a party willing and able to post a bond may discover that the court will not stay a final plan of reorganization, the benefits of which may depend on prompt implementation. United has made clear that it will do everything in its power to frustrate appellate review of IFS's contentions at any later time, if that review could delay the resolution of the bankruptcy.

Now a flat rule that the difficulty or expense of blocking a confirmed plan of reorganization allows immediate appeal would as a practical matter abolish the final-decision rule in bankruptcy. It therefore could not be applied generally. Requiring litigants to bear some expense or risk in order to obtain appellate review helps to curtail the demand for order-by-order interlocutory decisions. See *Powers v. Chicago Transit Authority*, 846 F.2d 1139 (7th Cir. 1988). But fiduciaries cannot be expected to put their own wealth on the line in order to protect the beneficiaries. This is why the Supreme Court held in *Perlman v. United States*, 247 U.S. 7 (1918), that a client could appeal from an order requiring an attorney to disclose documents said to be privileged; the Court thought that it would be unwarranted to demand that the attorney, who served only as a fiduciary in holding the documents, put his own liberty or wealth at risk in order to set up an appellate decision. See also *Church of Scientology v. United States*, 506 U.S. 9, 18 n.11 (1992); *Burden-Meeks v. Welch*, 319 F.3d 897, 899-900 (7th Cir. 2003). Cf. *United States v. Ryan*, 402 U.S. 530 (1971) (clients must risk their own liberty or wealth to obtain interlocutory review). By analogy, a fiduciary such as IFS is entitled to a procedure that allows review without requiring it to stake its corporate existence to obtain an effective appeal later. We therefore have jurisdiction of IFS's appeal.

The merits are easier. Although the Bankruptcy Code does not define the term "interested party," and no appellate decision has addressed its meaning, it is most naturally read to mean "party to the collective bargaining agreement" or a guarantor of that contract. IFS wants us to treat it as equivalent to the term "party in interest" under §1109(b), on which see *FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 284 (7th Cir. 2002), and thus as including any person with a financial stake in the employer's performance of the collective bargaining agreement, but that would make §1113 proceedings unmanageable. Section 1109(b) defines

who is a party to the bankruptcy; the set of "interested parties" for particular purposes such as §1113 must be its subset. Otherwise every employee *individually* would have to be notified and allowed to participate when the employer proposes to reject a collective bargaining agreement, though for every other purpose the union acts as the employees' representative; more, every retiree would receive separate notice and an opportunity to be heard; tax collectors, unsecured creditors that might gain if the debtor altered its obligations to labor—the list would go on and on.

Labor and management are free to change their agreements without any complaint by individual workers or pensioners—or for that matter by other third-party beneficiaries, including pension fiduciaries. What labor and management may do voluntarily, the court may accomplish in a §1113 proceeding. There is no reason to include in the §1113 proceeding any person or entity whose consent would be unnecessary to a voluntary change in the agreement. All of the legally protected interests are represented by labor, management, and the Pension Benefit Guaranty Corporation. Because IFS is not entitled to block a change in the collective bargaining agreements, it also is not entitled to participate in the litigation as an "interested party."

AFFIRMED

A true Copy:

Teste:

_____
*Clerk of the United States Court of Appeals for the Seventh Circuit*