NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted January 21, 2020[*]
Decided January 27, 2020

**Before**

FRANK H. EASTERBROOK, *Circuit Judge*

MICHAEL B. BRENNAN, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

Nos. 18-3686 & 19-2114

| | |
|---|---|
| In the Matter of: ROSEE TORRES and NOEL TORRES,<br>    *Debtors-Appellants*. | Appeals from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 18-cv-05279<br><br>Edmond E. Chang,<br>*Judge*. |

No. 19-1657

| | |
|---|---|
| ROSEE TORRES and NOEL TORRES,<br>    *Plaintiffs-Appellants*,<br><br>        *v.* | Appeal from the United States District Court for the Northern District of Illinois, Eastern Division.<br><br>No. 19-cv-00112 |

---

[*] We have agreed to decide these appeals without oral argument because the briefs and records adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

JUDICIAL SALES CORPORATION, et       Andrea R. Wood,
al.                                                                  *Judge*.
        *Defendants-Appellees*.

**O R D E R**

Rosee and Noel Torres sought to void the foreclosure of the mortgage backed by their Chicago home by filing a bankruptcy action. They also filed an original civil suit in the district court, seeking money damages and the reversal of the state court's foreclosure judgment. In each case, the couple advanced over a dozen theories of relief under state and federal law stemming from their allegation that Wells Fargo and others used fraudulent and discriminatory practices to foreclose on their residence. The Torreses did not prevail in either case. We previously consolidated their two appeals arising from the bankruptcy proceeding, and we now consolidate those with a third, arising out of the civil suit, for the benefit of judicial economy. Because the foreclosure and sale have already occurred, the appeals in the bankruptcy case are moot and must be dismissed. And because the lower federal courts lack jurisdiction to upset the judgment of the Illinois court, we affirm the dismissal of the civil suit.

Wells Fargo, N.A. sued the Torreses for foreclosure after they allegedly defaulted on the loan that was secured by a mortgage on their house. After the Circuit Court of Cook County entered a foreclosure judgment, the couple filed a Chapter 7 bankruptcy proceeding, triggering an automatic stay of the foreclosure action. *See* 11 U.S.C. § 362(a). Wells Fargo moved to lift the stay, *see* 11 U.S.C. § 362(d), and the bankruptcy court granted the motion, finding no equity in the property for the bankruptcy estate. In response to the Torreses' arguments that the foreclosure was a sham—because, they alleged, they never borrowed money from Wells Fargo and the mortgage on their home was "paid in full"—the bankruptcy court explained that the Torreses should raise those defenses in state court.

The Torreses filed an interlocutory appeal in the district court of the bankruptcy court's decision to lift the automatic stay, *see* 28 U.S.C. § 158(a); *Colin v. Option One Mortg. Corp.*, 319 F.3d 912, 916 n.1 (7th Cir. 2003) (bankruptcy court's order lifting automatic stay is appealable). They also requested a preliminary injunction to postpone the auction of their home pending the appeal. The district court denied the motion for a preliminary injunction—an order the Torreses appealed to this court—and later, on Wells Fargo's motion, dismissed the appeal outright after the state court approved the sale and entered a final judgment. The court explained that, although it had jurisdiction

to review the bankruptcy court's order, *see* 28 U.S.C. § 158(a), the appeal was "frivolous" because the *Rooker-Feldman* doctrine barred it "from considering any of the Torreses' objections to the state court foreclosure judgment." *See Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983).

In addition to the bankruptcy matter, the Torreses filed a separate federal lawsuit alleging, among other things, that the foreclosure was premised on fraud and discrimination. In short, they alleged that Wells Fargo targeted the Torreses because of their race and age, and then conspired with the other defendants to trick the state court into validating a fabricated mortgage and approving a staged foreclosure sale (to a third party that was essentially a straw man for Wells Fargo). The Torreses sought money damages, relief from the state court's judgment, and reversal of the foreclosure sale. Because the state court had already approved the judicial sale of the property and title had passed to a third party, the district court dismissed the case without prejudice at screening for lack of jurisdiction under the *Rooker-Feldman* doctrine. This is the subject of the Torreses' third appeal.

To begin, we address the two appeals arising from the bankruptcy proceeding. The Torreses first challenge the order denying a preliminary injunction against the sale of their property, *see* 28 U.S.C. § 1292(a)(1), but the district court mooted the interlocutory appeal in number 18-3686 when it dismissed the case in its entirety. *See Auto Driveway Franchise Sys. v. Auto Driveway Richmond*, 928 F.3d 670, 674–75 (7th Cir. 2019).

The Torreses also appeal the district court's dismissal of the entire bankruptcy appeal, but that appeal is also moot because after it was filed, the foreclosure action ended in a final judgment. "[A] suit becomes moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. [This occurs] only when it is impossible for a court to grant any effectual relief whatever to the prevailing party." *Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (internal citations and quotation marks omitted). The only relief the Torreses sought in the interlocutory bankruptcy appeal, other than reinstatement of the automatic stay, was to enjoin the sale of their home. But, while the appeal was pending in the district court, the state court approved the sale of the property, and title transferred to the third party. Under Illinois law, a foreclosure action is finally decided once the court "enters an order approving the sale and directing the distribution." *Matter of Anderson*, 917 F.3d 566, 572 (7th Cir. 2019) (citing *EMC Mortg. Corp. v. Kemp*, 982 N.E.2d 152 (Ill. 2012)). That rendered appeal number 19-2114 moot, although the district court gave other reasons

for dismissing it. Without a live controversy, we must vacate the judgment of the district court and remand with instructions to dismiss the case as moot. *See United States v. Munsingwear, Inc.* 340 U.S. 36, 39 (1950).

On to the appeal from the original civil action, which the second district court dismissed based on the *Rooker-Feldman* doctrine. That doctrine provides that "the Supreme Court of the Unites States is the sole federal tribunal authorized to review the judgments of state courts in civil litigation." *Iqbal v. Patel*, 780 F.3d 728, 729 (7th Cir. 2015). It applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005); *see Mains v. Citibank, N.A.*, 852 F.3d 669, 675 (7th Cir. 2017). We ask whether the federal plaintiff is alleging an injury caused by the state-court judgment or an injury independent of the judgment that the state court failed to remedy; in the latter case, *Rooker-Feldman* does not apply. *Mains*, 852 F.3d at 675 (There must be "no way for the injury complained of by a plaintiff to be separated from a state court judgment." (internal citations omitted)).

The Torreses primarily argue on appeal, as they did in the district court, that Wells Fargo obtained the foreclosure through a scheme to defraud them and discriminate against them. Those claims—which encapsulate their theories of common-law fraud and alleged violations of consumer protection and anti-discrimination statutes—are barred by the *Rooker-Feldman* doctrine. Like the plaintiff in *Mains*, the Torreses assert that the state-court judgment was in error because it rested on fraud and discrimination by the defendants. 852 F.3d at 676. Had the Torreses argued that an underlying fraud or discriminatory act caused an injury independent from the foreclosure judgment and the loss of their home, those claims could have survived. *See Iqbal*, 780 F.3d at 729–730. As it is, however, the Torreses's complaint made clear that the foreclosure judgment caused their injuries, and they expressly asked the district court for "relief from judgment and sale." *Rooker-Feldman* prohibits that outcome. *See id.*

On appeal, the Torreses mostly restate the allegations in their complaint and mention the *Rooker-Feldman* doctrine only to argue that an exception applies because they had no "reasonable opportunity to raise the issues in state court proceedings." *Jakupovic v. Curran*, 850 F.3d 898, 904 (7th Cir. 2017). They argue that the defendants' conspiracy robbed them of a fair shot in state court. But the Torreses misapprehend that exception, which accounts for procedural bars to bringing their claims in state court. *See Taylor v. Fed. Nat. Mortg. Ass'n*, 374 F.3d 529, 535 (7th Cir. 2004) (reasonable

opportunity exists when no "state laws, state court procedures or other impediments … stand in the way of her bringing her claims in state court"). Here, the Torreses had the opportunity to raise, and did raise, their claims in the foreclosure action and multiple appeals.

For these reasons, we VACATE and REMAND appeals number 18-3686 and number 19-2114 with instructions to dismiss the bankruptcy appeal as moot. In appeal number 19-1657, we AFFIRM the district court's judgment dismissing for lack of subject matter jurisdiction.